Susan K. Stahlfeld, WSBA No. 22003
Admitted Pro Hac Vice
Lane Conrad, AZBA No. 034930
Admitted Pro Hac Vice
MILLER NASH LLP
2801 Alaskan Way, Ste 300
Seattle, WA 98121
Telephone: 206.624.8300
Fax: 206.340.9599
Email: susan.stahlfeld@millernash.com
Email: lane.conrad@millernash.com

Honorable Joshua M. Kindred

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| SANDRA PESCHANG,<br><br>        Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>        Defendant. | Case No. 3:21-cv-00171-JMK |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Fred Meyer Stores, Inc. ("defendant" or "Fred Meyer"), answers the complaint filed by Sandra Peschang ("plaintiff" or "Ms. Peschang") as follows:

## INTRODUCTION

1. Answering paragraph 1, defendant admits that plaintiff was employed for years at Fred Meyer. Defendant admits that during plaintiff's employment, plaintiff received some satisfactory performance reviews, and that the documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

2. Answering paragraph 2, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

3. Answering paragraph 3, defendant admits that plaintiff raised certain concerns to store representatives. Except as expressly admitted, Fred Meyer denies the allegations in this paragraph.

4. Answering paragraph 4, defendant admits there was an occupational health and safety inspection at Fred Meyer. Except as expressly admitted, Fred Meyer denies the allegations in this paragraph.

5. Answering paragraph 5, defendant denies.

6. Answering paragraph 6, defendant admits plaintiff was suspended pending an investigation and was subsequently terminated from her employment with Fred Meyer. Except as expressly admitted, Fred Meyer denies the allegations in this paragraph.

7. Answering paragraph 7, defendant denies.

8. Answering paragraph 8, defendant denies.

## JURISDICTION AND VENUE

9. With respect to paragraph 9, defendant notes that this action has been removed from state court, and therefore an answer to this paragraph is no longer required. Defendant affirmatively alleges that the United States District Court, District of Alaska, has jurisdiction over this case for the reasons set forth in its Notice of Removal.

10. Answering paragraph 10, defendant notes that this action has been removed from state court, and therefore an answer to this paragraph is no longer required. Defendant affirmatively alleges that the United States District Court,

Miller Nash LLP
Attorneys at Law
1029 W Third Ave, Ste 510
Anchorage, AK 99501
Telephone: 907.206.2290

District of Alaska, is the proper venue for this action for the reasons set forth in its Notice of Removal.

## PARTIES

11. Answering paragraph 11, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

12. Answering paragraph 12, defendant admits that Fred Meyer Stores, Inc., is an Ohio corporation authorized to do business, and is doing business, in the State of Alaska.

## GENERAL ALLEGATIONS

13. Answering paragraph 13, defendant denies.

14. Answering paragraph 14, defendant denies.

15. Answering paragraph 15, defendant admits that plaintiff worked at the Fred Meyer store in Wasilla located at 1501 East Parks Highway, Wasilla, Alaska, 99654 (the "Wasilla Store"). Except as expressly admitted, defendant denies the allegations in this paragraph.

16. Answering paragraph 16, defendant admits that during the time plaintiff was employed by defendant, she held various positions. Except as expressly admitted, defendant denies the allegations in this paragraph.

17. Answering paragraph 17, defendant admits that plaintiff had various duties as a deli clerk. As to the remaining allegations, defendant lacks sufficient information to form a belief about the truth of the matters asserted therein and therefore denies the same.

18. Answering paragraph 18, defendant admits plaintiff was a full-time employee, and her last rate of pay was $16.69 per hour. Except as expressly admitted, defendant denies the allegations in this paragraph.

MILLER NASH LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

19. Answering paragraph 19, defendant admits that during her employment, plaintiff performed some quality work, but she also performed some substandard work, violated company policies, and was subject to disciplinary action. Except as expressly admitted, defendant denies the allegations in this paragraph.

20. Answering paragraph 20, defendant admits that during plaintiff's employment, she received some satisfactory performance reviews, and that the documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

21. Answering paragraph 21, defendant admits that during plaintiff's employment, she received some satisfactory performance reviews, and that the documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

22. Answering paragraph 22, defendant admits that it does not have a Fred Meyer store in Tennessee and therefore denies the allegations in this paragraph.

23. Answering paragraph 23, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

24. Answering paragraph 24, defendant admits that plaintiff expressed certain concerns about the Wasilla Store to Fred Meyer personnel. Except as expressly admitted, defendant denies the allegations in this paragraph.

25. Answering paragraph 25, defendant admits that plaintiff expressed certain concerns about the Wasilla Store to Fred Meyer personnel. Except as expressly admitted, defendant denies the allegations in this paragraph.

Miller Nash LLP
Attorneys at Law
1029 W Third Ave, Ste 510
Anchorage, AK 99501
Telephone: 907.206.2290

26. Answering paragraph 26, defendant admits that plaintiff expressed certain concerns about the Wasilla Store to Fred Meyer personnel. Except as expressly admitted, defendant denies the allegations in this paragraph.

27. Answering paragraph 27, defendant admits that plaintiff expressed certain concerns about the Wasilla Store to Fred Meyer personnel. Defendant further admits that at the time relevant to plaintiff's complaint, Holly Mitchell served as the district human resources manager. Except as expressly admitted, defendant denies the allegations in this paragraph.

28. Answering paragraph 28, defendant denies.

29. Answering paragraph 29, defendant denies that Fred Meyer employees and managers failed to respond appropriately to plaintiff's communications. As to the remaining allegations, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

30. Answering paragraph 30, defendant admits there was an occupational health and safety inspection in August 2020. Except as expressly admitted, defendant denies the allegations in this paragraph.

31. Answering paragraph 31, defendant admits that an occupational safety and health inspection occurred, but that no final resolution has been reached. The inspection and investigation documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

32. Answering paragraph 32, defendant admits that an occupational safety and health inspection occurred, but that no final resolution has been reached. The inspection and investigation documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

MILLER NASH LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

33. Answering paragraph 33, defendant admits that an occupational safety and health inspection occurred, but that no final resolution has been reached. The inspection and investigation documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

34. Answering paragraph 34, defendant admits that an occupational safety and health inspection occurred, but that no final resolution has been reached. The inspection and investigation documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

35. Answering paragraph 35, defendant admits that an occupational safety and health inspection occurred, but that no final resolution has been reached. The inspection and investigation documents speak for themselves. Except as expressly admitted, defendant denies the allegations in this paragraph.

36. Answering paragraph 36, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

37. Answering paragraph 37, defendant denies.

38. Answering paragraph 38, defendant denies.

39. Answering paragraph 39, defendant denies.

40. Answering paragraph 40, defendant denies.

41. Answering paragraph 41, defendant denies.

42. Answering paragraph 42, defendant denies.

43. Answering paragraph 43, defendant denies.

44. Answering paragraph 44, defendant denies.

45. Answering paragraph 45, defendant denies.

46. Answering paragraph 46, defendant denies.

47. Answering paragraph 47, defendant denies.

MILLER NASH LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK  99501
TELEPHONE: 907.206.2290

48. Answering paragraph 48, defendant denies.

49. Answering paragraph 49, defendant denies.

50. Answering paragraph 50, defendant denies.

51. Answering paragraph 51, defendant admits that during plaintiff's employment with Fred Meyer, she was placed into new work positions. Except as expressly admitted, defendant denies the allegations in this paragraph.

52. Answering paragraph 52, upon information and belief, defendant admits that in January 2021 plaintiff reported to Fred Meyer that she was injured in December 2020. Except as expressly admitted, defendant denies the allegations in this paragraph.

53. Answering paragraph 53, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

54. Answering paragraph 54, defendant admits that, to accommodate plaintiff's request, plaintiff was placed on light duty, which included a variety of tasks that did not require lifting. Except as expressly admitted, defendant denies the allegations in this paragraph.

55. Answering paragraph 55, defendant denies.

56. Answering paragraph 56, defendant admits that on February 7, 2021, an incident occurred at the Fred Meyer store in which plaintiff violated company policy in an interaction with shoppers. Except as expressly admitted, defendant denies the allegations in this paragraph.

57. Answering paragraph 57, defendant admits that on February 11, 2021, Fred Meyer suspended plaintiff. Except as expressly admitted, defendant denies the allegations in this paragraph.

Miller Nash LLP
Attorneys at Law
1029 W Third Ave, Ste 510
Anchorage, AK 99501
Telephone: 907.206.2290

58. Answering paragraph 58, defendant admits that Fred Meyer informed plaintiff she was suspended until further investigation into the incident could be conducted.

59. Answering paragraph 59, defendant denies.

60. Answering paragraph 60, defendant admits that Kindra Hamilton of Fred Meyer Human Resources met with plaintiff. Except as expressly admitted, defendant denies the allegations in this paragraph.

61. Answering paragraph 61, defendant lacks sufficient information to form a belief as to the truth of the matters asserted therein and therefore denies the same.

62. Answering paragraph 62, defendant admits that plaintiff met with Ms. Hamilton and Store Manager Randy Mitchell and that Randy Mitchell is married to Holly Mitchell. Except as expressly admitted, defendant denies the allegations in this paragraph.

63. Answering paragraph 63, defendant admits that in February 2021, plaintiff was terminated. Except as expressly admitted, defendant denies the allegations in this paragraph.

64. Answering paragraph 64, defendant denies.

65. Answering paragraph 65, defendant denies.

## 1ST CAUSE OF ACTION – ALLEGED BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

66. Answering paragraph 66, defendant repeats and incorporates paragraphs 1 through 65 above, as if fully set forth herein.

67. Answering paragraph 67, defendant denies.

68. Answering paragraph 68, defendant denies.

Miller Nash LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

## 2ND CAUSE OF ACTION – ALLEGED WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

69. Answering paragraph 69, defendant repeats and incorporates paragraphs 1 through 68 above, as if fully set forth herein.

70. Answering paragraph 70, this paragraph states a legal assertion requiring no response. To the extent that factual allegations against defendant are included therein, defendant denies the same.

71. Answering paragraph 71, this paragraph states a legal assertion requiring no response. To the extent that factual allegations against defendant are included therein, defendant denies the same.

72. Answering paragraph 72, defendant denies.

73. Answering paragraph 73, defendant denies.

## 3RD CAUSE OF ACTION – ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Answering paragraph 74, defendant repeats and incorporates paragraphs 1 through 73 above, as if fully set forth herein.

75. Answering paragraph 75, defendant denies.

76. Answering paragraph 76, defendant denies.

77. Answering paragraph 77, defendant denies.

78. Answering paragraph 78, defendant denies.

## PLAINTIFF'S PRAYER FOR RELIEF

Answering paragraphs (1) through (3) of plaintiff's prayer for relief, defendants deny same and deny liability for any damages based on any legal theory. To the extent any allegations set forth in plaintiff's prayer for relief may be deemed to constitute averments of material fact, they are denied.

Miller Nash LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

## GENERAL DENIAL

Defendant denies each and every allegation contained in plaintiff's complaint not explicitly admitted in the Answer.

## AFFIRMATIVE DEFENSES

By way of further answer and/or affirmative defenses, defendant states and alleges that the complaint should be dismissed in whole or in part based upon the following affirmative defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, and/or laches, or are otherwise time-barred.

3. Defendant is entitled to a set-off against damages, if any, of any amounts earned or which could have been earned by plaintiff following her separation from employment with defendant.

4. Plaintiff's claims are barred in part by the exclusive remedies available for workplace injuries.

5. Defendant is entitled to a set-off against damages, if any, of any amounts earned or which could have been earned by plaintiff or received as workers compensation benefits.

6. Plaintiff's injuries/losses, if any, were the result of plaintiff's failure to take reasonable steps to mitigate or avoid damages.

7. Plaintiff's injuries/losses, if any, were the result of plaintiff's own negligent and/or intentional conduct.

8. Plaintiff was comparatively and/or contributorily negligent.

ANSWER AND AFFIRMATIVE DEFENSES
Case No. 3:21-cv-00171-JMK
Page 10 of 13

Miller Nash LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

Case 3:21-cv-00171-JMK   Document 10   Filed 07/28/21   Page 10 of 13

9. Plaintiff was an at-will employee.

10. Defendant acted at all times in good faith.

11. Defendant's actions were based on legitimate and non-retaliatory reasons.

12. Defendant takes steps to prevent and correct harassment and/or discrimination and/or retaliation in the workplace.

13. Plaintiff unreasonably failed to avoid harm.

14. Plaintiff's claims are barred by her own actions or lack of actions.

FURTHER, BY WAY OF RESERVATION OF RIGHTS, WITHOUT WAIVER, defendant explicitly reserves the right to amend its answer by way of adding additional parties, affirmative defenses, counterclaims, cross-claims, and third-party claims, as additional investigation, discovery or circumstances may warrant.

WHEREFORE, having fully answered plaintiff's complaint, defendant requests the following relief:

1. Plaintiff's claims be dismissed with prejudice;

2. Defendant be awarded its costs and attorney fees; and

///// ///// /////

///// ///// /////

MILLER NASH LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

3. That the court award any other remedy it deems appropriate.

DATED July 28, 2021.

/s/ *Susan K. Stahlfeld*
Susan K. Stahlfeld, WSBA No. 22003
Admitted *Pro Hac Vice*
Lane Conrad, AZBA No. 034930
Admitted *Pro Hac Vice*
MILLER NASH LLP
2801 Alaskan Way, Ste 300
Seattle, WA 98121
Telephone: 206.624.8300
Fax: 206.340.9599
Email: susan.stahlfeld@millernash.com
Email: lane.conrad@millernash.com

Amy A. Robinson, ABA No. 1205025
MILLER NASH LLP
1029 W Third Ave, Ste 510
Anchorage, AK 99501
Telephone: 907.206.2290
Fax: 206.340.9599
Email: amy.robinson@millernash.com

Attorneys for Defendant Fred Meyer Stores, Inc.

MILLER NASH LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

ANSWER AND AFFIRMATIVE DEFENSES
Case No. 3:21-cv-00171-JMK
Page 12 of 13

Case 3:21-cv-00171-JMK   Document 10   Filed 07/28/21   Page 12 of 13

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Answer to Complaint and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051
NORTHERN JUSTICE PROJECT, LLC
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: jdavis@njp-law.com
jmeister@alsc-law.org
Email: gdudukgian@njp-law.com

Attorneys for Plaintiff

☐ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By ABC Messenger
☒ By Electronic Mail
☐ By E-service

Under the laws of the United States of America and the state of Washington, the undersigned hereby declares, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Seattle, Washington, on July 28, 2021.

*/s/ Gaye Johnson*
Gaye Johnson, Legal Assistant
gaye.johnson@millernash.com

MILLER NASH LLP
ATTORNEYS AT LAW
1029 W THIRD AVE, STE 510
ANCHORAGE, AK 99501
TELEPHONE: 907.206.2290

ANSWER AND AFFIRMATIVE DEFENSES
Case No. 3:21-cv-00171-JMK
Page 13 of 13

Case 3:21-cv-00171-JMK   Document 10   Filed 07/28/21   Page 13 of 13